UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSCAR P. C., | : |
| Petitioner, | : Civ. No. 20-5622 (KM) |
| v. | : |
| JOHN TSOUKARIS, *et al.*, | : **MEMORANDUM AND ORDER** |
| Respondents. | : |

This matter comes before the Court on the motion of Petitioner Oscar P. C.[1] to seal his medical records. (DE 16.) Respondents do not oppose the motion. (DE 16-1 at 2.)

On May 6, 2020, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which raised issues related to his health. (DE 1.) In support of his petition, Petitioner filed an exhibit that contained his medical records. (DE 2.) Petitioner has now filed a motion requesting the exhibit be filed under seal in order to avoid public disclosure of confidential information about his health. (DE 16-1; DE 16-2.)

Under Local Civil Rule 5.3(c)(2) and (3), in deciding a motion to seal, a court must consider: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interests which warrant the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted, and (4) why a less restrictive alternative to relief is not available.

An individual's right to privacy in his medical records is well established. *See Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001). The United States Court of Appeal for the Third Circuit has held that, "[t]here can be no question that . . . medical records, which may contain intimate

---

[1] Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his first name and last initial.

facts of a personal nature, are well within the ambit of materials entitled to privacy protection." *Id.* (quoting *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 477 (3d Cir. 1980). Here, I find that the medical records indeed contain private and confidential information concerning Petitioner's health. Disclosure of these records, via publication on the Court's docket, would certainly injure Petitioner's right to medical privacy. Since the documents are relevant to the issues raised in the petition and there exists no less restrictive alternative to sealing these records, I find that good cause exists to seal the documents. Accordingly, for good cause shown,

IT IS this 2d day of June 2020

ORDERED that the motion to seal (DE 16) is GRANTED; and it is further

ORDERED that the Clerk of the Court shall maintain under seal the confidential documents contained in Petitioner's Exhibit B (DE 2).

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge